RUFUS F. WALKER, trustee,[1] vs. BOARD OF APPEALS
OF HARWICH & others.[2]

Barnstable.  November 4, 1982. — January 25, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*District Court*, Jurisdiction. *Jurisdiction*, District Court, Zoning appeal.
*Practice, Civil*, Zoning appeal. *Zoning*, Special permit.

The Appeals Court, not the Appellate Division of the District Courts,
has jurisdiction to hear appeals from District Court determinations in
zoning cases decided under G. L. c. 40A, § 17.  [45-50]
A town's zoning board of appeals, rather than the town's planning board,
had authority pursuant to the local zoning by-law to grant a special
permit for a change of a nonconforming use of a motel to residential
time sharing condominium units and for certain structural alterations
to accommodate the proposed use, where the relevant by-law provi-
sion granted the planning board power to grant special permits only
for new structures.  [50-52]
In an action in a District Court seeking judicial review of a decision of a
zoning board of appeals granting a special permit for a change of a
nonconforming use, the applicants demonstrated adequately that their
premises complied with all applicable provisions of the zoning by-law,
and the judge reasonably found such compliance.  [52-53]
A town's zoning by-law did not preclude the board of appeals from issuing
a special permit for a change of a nonconforming use of a motel to resi-
dential time sharing condominium units.  [53-54]

CIVIL ACTION commenced in the Second Barnstable Divi-
sion of the District Court Department on July 24, 1980.
The case was heard by *Welsh*, J.
*Paul V. Benatti* for the plaintiff.
*James M. Falla* for Board of Appeals of Harwich.

---

[1] The complaint was brought originally by Rufus F. Walker individu-
ally, but the District Court judge allowed Walker to amend his complaint
to name himself as trustee of the Walker Trust.

[2] The other defendants are George B. Nelson and Ruth C. Nelson. The
Nelsons have not submitted a brief or presented argument in this appeal.

HENNESSEY, C.J.   The plaintiff, Rufus F. Walker, brought this action in a District Court seeking judicial review of a decision by the defendant board of appeals of Harwich to grant a special permit to the defendants George B. Nelson and Ruth C. Nelson for a change of a nonconforming use of a motel to residential time sharing condominiums and for certain structural alterations to accommodate the proposed use.   After holding a hearing and conducting a view, a District Court judge entered a judgment affirming the decision of the board of appeals.

Thereafter, the plaintiff filed a draft report and the Nelsons responded with a draft report of their own.   Both parties sought review of the case by the Appellate Division of the District Courts.   The District Court judge, in addition to reporting the matters raised by the parties, voluntarily reported the question whether the Appellate Division has jurisdiction to hear appeals from actions tried in the District Court under G. L. c. 40A, § 17.   The Appellate Division, after determining that it does possess jurisdiction to hear these appeals, affirmed the District Court's decision and dismissed the plaintiff's report.   Walker then brought this appeal arguing that the board of appeals' decision should be annulled (1) because the board of appeals did not have the authority to grant the Nelsons' special permit, (2) because the Nelsons have not demonstrated compliance with all applicable provisions of the Harwich zoning by-law, and (3) because the Harwich zoning by-law precludes condominium conversion.[3]

We determine today that the Appellate Division does not have jurisdiction to hear appeals from actions tried in the

---

[3] Whether the plaintiff is a "person aggrieved" under G. L. c. 40A, § 17, with standing to challenge the board of appeals' decision, is not briefed or argued by any party on this appeal. Therefore, we need not reach this issue. We note, however, that there is sufficient evidence in this case to support the District Court judge's conclusion that Walker is a "person aggrieved." See *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 204 (1957); *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 629-630 (1977).

District Court under G. L. c. 40A, § 17. We do not dispose of this case on that ground, however. Rather, we apply our determination on the jurisdictional issue prospectively only and resolve this case on the merits of the appeal. We further determine that none of Walker's arguments are meritorious and the dismissal of his report, therefore, is affirmed.

The Nelsons own and operate a motel in Harwich. Although the zoning by-law of Harwich prohibits motels in the area where the Nelsons' motel is located, the Nelsons were operating their motel prior to the adoption of this prohibition. Both parties agree, therefore, that the Nelsons' use of their premises as a motel is a valid preexisting nonconforming use. Across the street from the Nelsons' property is certain real estate owned by Rufus F. Walker as the trustee of the Walker trust. The Nelsons petitioned the board of appeals for a special permit to change the valid nonconforming use of their property as a motel to time sharing condominiums. In the application the Nelsons requested permission to convert the motel units to efficiency units, which would require construction of kitchen facilities,[4] to construct a putting green, and to enclose an existing outdoor swimming pool. Conversion of the motel units to condominium units would also result in nearly year-round occupancy in contrast to the present seasonal operation.

The board of appeals held a public hearing and reviewed the Nelsons' petition. After the board of appeals voted unanimously to grant the requested permit, stating that the proposed use would not be substantially more detrimental to the neighborhood than the existing nonconforming use, Walker sought judicial review. The District Court judge, and later the Appellate Division, affirmed the decision of the board of appeals. Since appellate review of the Appellate Division's determinations is to this court, rather than to the Appeals Court, the case is here on appeal. G. L. c. 211A, § 10.

---

[4] Eighteen of the thirty-six motel units already have kitchen facilities. The Nelsons intended to construct an additional seven units, each of which would contain kitchen facilities.

1. The first issue that we address is whether the Appellate Division has jurisdiction to hear appeals from cases tried pursuant to G. L. c. 40A, § 17. The issue is not briefed or argued by any party. The District Court judge and the Appellate Division, however, offered extensive analysis on this difficult matter, which is apparently a question of first impression. Under G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, there is concurrent jurisdiction in the District and Superior Court Departments to hear zoning cases. The statute also provides that "the parties shall have all rights of appeal and exception as in other equity cases." The normal method of review of a case tried without a jury in a District Court is by a report to the Appellate Division.

The jurisdictional problem in cases tried under G. L. c. 40A, § 17, arises, however, because the method of review contemplated by G. L. c. 40A, § 17 ("appeal and exception as in other equity cases") is not traditionally performed by the Appellate Division. Rather, appeals to the Appellate Division closely approximate the method of review that was available by bills of exception in actions at law. See J.R. Nolan, Civil Practice § 966, at 259 (1975). This method of review allows the Appellate Division to examine only rulings of law, not questions involving findings of fact, unless such findings involve errors of law or are plainly wrong. *Zaleski* v. *Zaleski*, 330 Mass. 132, 134 (1955). *T.L. Edwards, Inc.* v. *Fields*, 371 Mass. 895 (1976). In contrast, the scope of review of appeals in equity cases was much broader, allowing the appellate court to review all questions of law, fact or discretion and, in certain circumstances, to find facts and to supply deficient findings of fact. See *Simeone Stone Corp.* v. *Oliva*, 350 Mass. 31 (1965); *Hull* v. *Belmont*, 309 Mass. 274 (1941); *Flint* v. *Codman*, 247 Mass. 463, 468 (1924). Hence, the statute contemplates that zoning cases will receive a broader review than the Appellate Division is ordinarily empowered to conduct. Thus, it is unclear whether the Legislature intended the Appellate

Division or some other judicial body to have jurisdiction of these appeals.[5]

In examining whether the Appellate Division of the District Courts has jurisdiction to hear appeals from cases tried in the District Courts under G. L. c. 40A, § 17, we note that there are five potential avenues for appellate review of such a decision by a District Court. These possibilities are: (1) trial de novo in the Superior Court; (2) an action in the nature of certiorari under G. L. c. 249, § 4; (3) direct appeal to this court; (4) appeal to the Appeals Court; and (5) appeal to the Appellate Division. The first three of

---

[5] The statutory history of G. L. c. 40A, § 17, does not present a clear answer to this issue. The language regarding rights of appeal and exception as in other equity cases has appeared consistently in the statute since 1933. This language was inserted in G. L. c. 40, § 30, by St. 1933, c. 269, § 1, which completely changed the then existing procedure for judicial review of zoning decisions. That statutory provision allowed zoning decisions to be challenged in the Superior Court sitting in equity. The only prior method of review had been by writ of certiorari, a proceeding in which only errors of law apparent on the record could be remedied. See *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 225, 227 (1936). In 1969, the Legislature amended the statute to give the District Courts jurisdiction concurrent with the Superior Court. G. L. c. 40A, § 21, as amended through St. 1969, c. 706. The statute provided explicitly that District Court determinations were to be appealed to the Superior Court for a trial de novo. Under this statutory scheme, only *preliminary* relief could be reviewed by the Appellate Division of the District Courts. The statute further provided that "[t]he foregoing remedy [review by the Superior Court] shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases." In 1975, the Legislature abolished the District Courts' jurisdiction over zoning cases but it retained the language regarding rights of appeal and exception as in other equity cases. See St. 1975, c. 808, § 3.

The Legislature's continued use of the language regarding rights of appeal as in other equity cases is significant because the Massachusetts Rules of Civil Procedure abolished exceptions, Mass. R. Civ. P. 46, 365 Mass. 811 (1974), and merged law and equity, Mass. R. Civ. P. 2, 365 Mass. 733 (1974). The statute now in effect, G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, which also contains this language, restored jurisdiction to the District Courts concurrent with the Superior Court. The Legislature did not restore, however, the language which provided that appeals from District Court determinations would be to the Superior Court for a trial de novo. Rather, the Legislature provided only for "appeal and exception as in other equity cases."

these alternatives are eliminated easily from serious consideration. First, the Legislature restored District Court jurisdiction over zoning cases, St. 1978, c. 478, § 32, but did not restore the provision allowing appeals from the District Court to the Superior Court for a trial de novo. See note 5, *supra.* Hence, it may be inferred that the Legislature did not intend further judicial review of District Court determinations to occur in the Superior Court. Furthermore, G. L. c. 231, § 97, which allows certain District Court cases to be appealed to the Superior Court is inapplicable to cases under G. L. c. 40A, § 17, because zoning actions that are brought in the District Court may be removed to the Superior Court. See *Gentile* v. *Rent Control Bd. of Somerville,* 365 Mass. 343, 346 n.3 (1974). Therefore, de novo review by the Superior Court is not an available option.

Judicial review through an action in the nature of certiorari to this court or to the Superior Court under G. L. c. 249, § 4, is also not an available avenue. This remedy may be used only if the proceedings sought to be reviewed are not "otherwise reviewable by motion or appeal." G. L. c. 249, § 4. It seems clear that by retaining the language in G. L. c. 40A, § 17, allowing "rights of appeal and exception," the Legislature intended that there be some form of appeal from District Court determinations.

Judicial review of zoning cases through direct appellate review by this court under G. L. c. 211A, § 10, is also inapplicable. Allowing the extraordinary remedy of direct appellate review by this court would frustrate the Legislature's clear intention to treat appeals in zoning cases in the same manner as appeals in other equity cases. Therefore, we determine that the Legislature must have intended that zoning cases be appealed to either the Appellate Division or to the Appeals Court.

The jurisdictional provision for the Appeals Court, G. L. c. 211A, § 10, as appearing in St. 1979, c. 344, § 2, grants the Appeals Court jurisdiction over, in relevant part, "a determination made in the superior court, the land court, the probate courts, and the district courts in jury session (*a*)

in all civil proceedings at law or in equity." Hence, this statute provides for Appeals Court jurisdiction over only those District Court cases that are tried before a jury. The statute, however, does provide the Appeals Court with jurisdiction over appeals in all civil proceedings at law or in equity that arise in the Superior Court, the District Court in jury session, the Land Court, and the Probate Court. Thus, although G. L. c. 211A, § 10, appears to preclude review by the Appeals Court of District Court determinations in nonjury cases, it also seems to establish that equity cases, as a general matter, are to be appealed to the Appeals Court.

The fifth avenue of judicial review of zoning cases tried in the District Courts is that of review by the Appellate Division. General Laws c. 231, § 108, however, gives the Appellate Division jurisdiction over only "matters of law arising in civil cases." Although Mass. R. Civ. P. 2, 365 Mass. 733 (1974), abolished separate law and equity actions, this merger of law and equity is strictly procedural, not substantive, and the Appellate Division was not thereby granted equity jurisdiction. See Reporters' Notes to Mass. R. Civ. P. 2, Mass. Ann. Laws, Rules of Civil Procedure at 21-22 (1982). Indeed, the Legislature has conferred equity jurisdiction on District Courts in only a specific number of instances. See G. L. c. 218, § 19C. Since the Appellate Division does not have a general grant of equity jurisdiction and since actions under G. L. c. 40A, § 17, are clearly equitable in character, it would appear that this avenue of judicial review is also unavailable.

We note that, in this case, the District Court judge reached a tentative conclusion that the Appeals Court should have jurisdiction of these appeals while the Appellate Division reasoned that it had jurisdiction. The District Court judge concluded that since the jurisdictional provision for the Appellate Division, G. L. c. 231, § 108, had not been amended to encompass equity jurisdiction over these zoning cases, the Legislature must have intended that these

cases be heard by the Appeals Court. In contrast, the Appellate Division concluded that since the jurisdictional provision for the Appeals Court had not been amended to encompass these nonjury District Court cases, the Legislature must have intended these appeals to be brought before the Appellate Division. The weakness in each of these "process of elimination" approaches is that, as the jurisdictional provisions of both the Appeals Court and the Appellate Division presently read, neither court has jurisdiction over these appeals.

We conclude, nevertheless, that a legislative intent to vest the Appeals Court with jurisdiction over these cases does exist. The legislative intent is revealed by the Legislature's consistent and continued use of the explicit phrasing that the parties shall have "all rights of appeal and exception as in other equity cases."[6] It seems clear that the Legislature intended to treat appeals of either Superior Court or District Court determinations in zoning cases in the same manner as appeals in other equity cases. This legislative intent would be satisfied best by directing these zoning appeals to the court which normally has jurisdiction to hear appeals of equity cases. That court is the Appeals Court and not the Appellate Division, which has a jurisdictional grant limited expressly to matters of law. Although it is possible to conclude that the Legislature intended to expand the jurisdiction of the Appellate Division, such a conclusion would not be faithful to the Legislature's intention to treat zoning appeals like appeals in other equity cases because expanding

---

[6] General Laws c. 211A, § 10, also provides the Appeals Court with appellate jurisdiction over proceedings in the Superior Court for review of administrative determinations. We have stated that a zoning board of appeals is an administrative or quasi judicial tribunal. *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 228 (1936). In the area of administrative law, further review by the Appellate Division of petitions for review has not been favored, absent an unambiguous legislative intent to the contrary. The absence of a clear legislative intent to vest the Appellate Division with jurisdiction over zoning cases might support Appeals Court jurisdiction because zoning cases involve review of administrative determinations. We do not base our decision, however, on this ground.

the jurisdiction of the Appellate Division to include appeals in these cases would have the result of treating zoning appeals *differently* from other equity cases. Therefore, we conclude that appeals from District Court determinations in cases decided under G. L. c. 40A, § 17, are to be brought before the Appeals Court and that the Appellate Division does not have jurisdiction over these cases.

2. We turn now to Walker's contention that the board of appeals of Harwich does not have the authority to issue the special permit for which the Nelsons applied. The resolution of this issue depends upon whether § X-G or § X-J of the Harwich zoning by-law[7] applies to the issuance of the permit sought by the Nelsons in this case. Walker argues that § X-G, which grants the planning board the authority

---

[7] Section X-G of the Harwich zoning by-law states in relevant part: "SPECIAL PERMITS. The Planning Board shall have authority to . . . decide applications for special permits for multi-family, hotel or motel uses. The Board of Appeals shall have authority to hear and decide all other applications for special permits. . . . 1. In applying for a special permit, the applicant need not demonstrate hardship. In granting a special permit, the Board of Appeals or Planning Board with due regard to the nature and condition of all adjacent structures and uses and the district within which the same is located shall find all of the following general conditions to be fulfilled:

"(a) The use requested is listed in Table 1. Use Regulations as a Special Permit in the district for which application is made;

"(b) The requested use is essential or desirable to the public convenience or welfare.

"(c) The requested use will not impair the integrity or character of the district or adjoining districts nor be detrimental to the health, morals or welfare.

"2. The Planning Board in acting upon an application for special permit to construct multi-family dwellings, hotels or motels shall have authority pursuant to [G. L. c. 40A, § 9] to include in the grant of permission authorization to increase the permissible density of population or intensity of a particular use in a proposed development . . . ."

"Section X-J of the Harwich zoning by-law states: "NON-CONFORMING USES. Pre-existing non-conforming structures or uses may be changed, extended or altered on special permit from the Board of Appeals provided that no such change, extension or alteration shall be permitted unless there is a finding by the Board that such change, extension or alteration shall not be substantially more detrimental to the neighborhood than the existing non-conforming use."

to issue special permits for multifamily hotel or motel uses,[8] is the applicable provision because the Nelsons sought to change the use of their premises from a motel to a multi-family dwelling consisting of condominiums used on a time sharing basis. Consequently, Walker asserts that the planning board, not the board of appeals, had the authority to issue a permit to the Nelsons.

The board of appeals contends, however, that § X-G gives the planning board jurisdiction over only applications for special permits to erect new multifamily dwellings in the zoning districts where such dwellings are allowed under the by-law. The board of appeals bases its interpretation on the remaining language of subsection G and other provisions of the by-law as viewed in light of the statutory scheme of G. L. c. 40A. We agree, as did the District Court judge and the Appellate Division, with the board of appeals.

We note that it is a fundamental principle of statutory construction that in interpreting any particular provision it should be construed as part of the statute as a consistent whole. C. Sands, Sutherland Statutory Construction § 46.05 (4th ed. 1973). In this case, the remaining language of § X-G itself and other parts of the by-law support the board of appeals' interpretation. Section X-G(2) refers to "an application for special permit to *construct* multi-family dwellings" (emphasis supplied). The use of "construct" without "change, extend, or alter" implies that § X-G grants the planning board power to grant special permits only for new structures. Furthermore, the definitional section of the by-law, § II, states that the planning board shall be the special permit granting authority in cases involving the *erection* of multifamily dwellings, motels, or hotels. We observe as well that G. L. c. 40A, § 6, authorizes the granting of special permits for changes in existing structures and that § X-J of the by-law mirrors this provision. In contrast,

---

[8] We note that the parties agree that the efficiency units (with kitchen and toilet facilities) which the Nelsons contemplate are multifamily dwelling units within the meaning of the Harwich zoning by-law.

G. L. c. 40A, § 9, refers to the granting of special permits in general and § X-G(2) of the by-law makes specific reference to G. L. c. 40A, § 9, in a paragraph that deals with special permits to increase the density of the population. In light of all these provisions, we conclude that § X-G applies only to the construction of new premises. Accordingly, the board of appeals had jurisdiction to grant the Nelsons a special permit.

3. Walker also argues that, because the Nelsons have not demonstrated compliance with all provisions of the zoning by-law, the permit must be declared invalid.[9] Walker bases his argument on § V-C of the by-law which provides that "changes or extensions of non-conforming uses on permit from the board shall comply with all applicable provisions of this By-Law not specifically and expressly varied by the Board." The decision of the board of appeals, Walker observes, does not specifically and expressly vary the terms of the by-law. We note, however, that there is nothing in the record before us to indicate that the premises do not comply with the requirements of the zoning by-law. The judge ruled that no variance was required and stated further that the external changes to the Nelsons' structure "would not appear to offend set-back or other requirements of the zoning by-law." The judge's findings on these issues were warranted by the evidence presented in this case.

---

[9] We point out that the plaintiff did not genuinely preserve this issue for review because he failed to request the District Court judge to rule on whether his findings were warranted by the evidence. G. L. c. 231, § 108. See *Massachusetts Gen. Hosp.* v. *Quincy,* 348 Mass. 791 (1965); M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Courts 109 (1980). Walker asserts that his failure to request a ruling should be viewed as a formal error and should not prejudice his right to have this issue reviewed on appeal. See *Cape Cod Bank & Trust Co.* v. *LeTendre,* 384 Mass. 481, 484-485 (1981); *Schulte* v. *Director of the Div. of Employment Sec.,* 369 Mass. 74, 79-80 (1975). He emphasizes that there is no surprise in this case and that his intention to challenge the alleged absence of compliance with other by-law provisions has been manifest. We need not address Walker's contention, however, because in this case the District Court's findings clearly were warranted by the evidence.

Walker argues that at the hearing de novo in the District Court under G. L. c. 40A, § 17, the party seeking to have the permit affirmed bears the burden of proof. See *Sullivan v. Board of Appeals of Canton,* 345 Mass. 117, 120 (1962); *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 (1962); *Garvey* v. *Board of Appeals of Amherst,* 9 Mass. App. Ct. 856 (1980); *Raia* v. *Board of Appeals of N. Reading,* 4 Mass. App. Ct. 318, 321 (1976). Walker states that the Nelsons introduced no evidence to demonstrate compliance with other applicable by-law provisions. Since they had the burden of proof, he claims that the judge could not have entered judgment in their favor.[10] The judge, however, in making his findings and rulings, had before him the complaint, answer, and all the stipulated exhibits. Included in the stipulations were the board of appeals' decision and minutes of its hearing as well as the by-law. The Nelsons thus introduced evidence from which the judge could make his findings. In addition, the judge took a view of the property, and was able to draw reasonable inferences from this evidence. We therefore conclude that the Nelsons demonstrated adequately their compliance with applicable provisions of the by-laws and that the District Court judge reasonably found such compliance.

4. Walker's final argument is that since § V-A of the zoning by-law provides that "[a]ny use not listed [in the Table of Use Regulations] shall be construed to be prohibited" and since neither condominiums nor time sharing condominiums are mentioned in the table, such uses of property are forbidden. We agree with the Appellate Division that § V-A does not impose an absolute prohibition on condominium conversion. Section V-A must be read in conjunction with subsections B and C. Indeed, § V-A states that it applies "[e]xcept as provided by the Zoning Act [G. L. c. 40A] or in this By-Law . . . ." Section V-C allows "[u]ses

---

[10] Walker stated that the Nelsons' proposed conversion cannot comply with minimum net floor space for efficiency units, percent of lot occupied by amenities, and number of parking spaces.

permitted by variance . . . or changes or extensions of nonconforming uses on permit . . . ." Therefore, we conclude that, under the zoning by-law of Harwich, the board of appeals could and did issue properly a special permit to the Nelsons.

*Order dismissing report affirmed.*