IVY L. CIFIZZARI *vs.* FRANCO D'ANNUNZIO.

Middlesex.  October 5, 1984. — February 28, 1985.

Present: WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*District Court*, Appellate Division: report. *Practice, Civil*, Appellate Division: report.

Inasmuch as the defendant in an action commenced in a District Court and seeking actual damages of $5,000, as well as treble damages under G. L. c. 93A, § 9, could not have initially removed the case for trial in the Superior Court, he had the right to trial in the Superior Court following a decision of an Appellate Division, and, consequently, the defendant was not entitled to appeal to this court from that decision. [150] ABRAMS, J., concurring.

CIVIL ACTION commenced in the Waltham Division of the District Court Department on December 19, 1980.

The case was heard by *C. George Anastos*, J.

*John J. McNaught, Jr.* (*Edward M. Moriarty, Jr.*, with him) for the defendant.

*C. Donald Briggs, III*, for the plaintiff.

O'CONNOR, J. The plaintiff brought this action against her landlord seeking damages for the conversion of her personal property, for wrongful eviction, and for violations of G. L. c. 93A, § 9. The defendant filed a counterclaim for unpaid rent. The case was tried to a judge in the District Court, who found for the plaintiff in the amount of $2,300, and for the defendant, on his counterclaim, in the amount of $400. The defendant claimed a report to the Appellate Division. The Appellate Division dismissed the report, and the defendant appealed here. We dismiss the appeal.

General Laws c. 231, § 109, as amended by St. 1975, c. 377, §§ 108, 108A, provides in part: "An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court." "A decision of an

Appellate Division is not final and immediate appeal to this court is not available if trial in the Superior Court is available to the party seeking the appeal." *Greenhouse, Inc.* v. *Trans World Airlines, Inc., ante* 60, 61 (1985), quoting *Locke* v. *Slater,* 387 Mass. 682, 684 (1982). See *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131, 139 (1974). Thus, if the defendant could have claimed a Superior Court trial after the decision of the Appellate Division, his appeal is not properly here.

The plaintiff's complaint sought actual damages of $5,000, an amount below the $7,500 threshold established by G. L. c. 231, § 104, for removal to the Superior Court. Although the complaint also included a count seeking treble damages under G. L. c. 93A, § 9, that section provides that "[t]he provisions of sections ninety-five to one hundred and ten, inclusive, of chapter two hundred and thirty-one, where applicable, shall apply to a claim under this section, except that the provisions for remand, removal and transfer shall be controlled by the amount of single damages claimed hereunder." G. L. c. 93A, § 9 (3A), inserted by St. 1978, c. 478, § 46. Thus, the defendant could have caused the case to be transferred to the Superior Court for a new trial within ten days after receiving notice of the Appellate Division's decision. G. L. c. 231, § 104. The decision of the Appellate Division was therefore not a final decision, and an immediate appeal to this court is not available. *Greenhouse, Inc.* v. *Trans World Airlines, Inc., supra* at 61.

*Appeal dismissed.*

ABRAMS, J. (concurring). I adhere to my dissenting views as expressed in *Greenhouse, Inc.* v. *Trans World Airlines, Inc., ante* 60, 63 (1985), but accept the court's decision. Further, in this case the defendant challenges the factual findings of the judge but has failed to indicate whether the evidence before us is all the evidence bearing on the issues raised. Thus, the questions of law raised by the defendant cannot be resolved by us. See *Comfort Air Syss.* v. *Cacopardo,* 370 Mass. 255, 259 (1976); *Irving* v. *Bonjorno,* 327 Mass. 516, 518 (1951).