## COLMAN M. HERMAN *vs.* THE HOME DEPOT.

Norfolk. January 7, 2002. - March 5, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Consumer Protection Act,* Unfair or deceptive act. *Jurisdiction,* Consumer protection case, Equitable. *District Court,* Jurisdiction, Appellate Division.

A District Court judge had the authority to grant a plaintiff injunctive relief under G. L. c. 93A, § 9, directing the defendant to comply with the item pricing regulation contained in 940 Code Mass. Regs. § 3.13(1)(a) (1993) in one of its stores in Norfolk County, where the plaintiff's action was not solely equitable in nature but also sought money damages; where G. L. c. 93A, § 9 (3A), did not expressly prohibit a District Court judge from exercising equity power in a consumer protection case; and where St. 1996, c. 358, § 3, conferred equity power on the District Court in Norfolk and Middlesex counties. [213-215]

The Appellate Division of the District Court Department was the appropriate tribunal to decide the appeal of a defendant against which injunctive relief had been granted under G. L. c. 93A, § 9, directing the defendant to comply with the item pricing regulation contained in 940 Code Mass. Regs. § 3.13(1)(a) (1993) in one of its stores in Norfolk County, where the Appellate Division, as part of the District Court Department, had the same equitable jurisdiction extended to it in the performance of its duties as was granted by St. 1996, c. 358, § 3, to the District Court in Norfolk and Middlesex counties. [215]

CIVIL ACTION commenced in the small claims session of the Quincy Division of the District Court Department on December 1, 1999.

On transfer from the small claims session to the regular civil session, the case was heard by *Mark S. Coven,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Beth I. Z. Boland (John M. Stephan* with her) for the defendant.

*John Traficonte* for the plaintiff.

The following submitted briefs for amici curiae:

*Thomas F. Reilly,* Attorney General, & *Diane L. Szafarowicz,* Assistant Attorney General, for the Commonwealth.

*Carl Valvo & Gregory S. Gilman* for Retailers Association of Massachusetts.

GREANEY, J. We conclude that the District Court judge in this case had the authority to grant the plaintiff injunctive relief under G. L. c. 93A, § 9. We also conclude that the Appellate Division of the District Court (Appellate Division) was the appropriate tribunal to decide the defendant's appeal.

This case began as a small claim action in the Quincy Division of the District Court Department. The plaintiff, pro se, alleged that the defendant had engaged in unfair and deceptive consumer ·practices, within the meaning of G. L. c. 93A, § 2 (*a*), by "refus-[ing] to place prices directly on the merchandise that it offers for sale" in its Quincy store in violation of 940 Code Mass. Regs. § 3.13(1)(a) (1993) (item pricing regulation).[1] He also alleged that he had sent the defendant an appropriate demand letter, but "to no avail." The plaintiff sought the limit in small claim damages, $2,000, see G. L. c. 218, § 21, and court costs, see Rule 7 (e) of the Uniform Small Claims Rules (2001). The defendant transferred the case to the regular civil docket of the Quincy District Court. See G. L. c. 218, § 24.

After transfer, the plaintiff moved for summary judgment, and the defendant moved to dismiss the case. At the hearing on the motions, counsel for the defendant argued that (1) because the plaintiff suffered no direct injury as a result of the defendant's alleged failure to comply with the item pricing regulation in its Quincy store,[2] he lacked standing to sue; and (2) the District Court lacked authority to enter an injunction enforcing the item pricing regulation.

A judge in the Quincy District Court concluded, based on *Purity Supreme, Inc. v. Attorney Gen.*, 380 Mass. 762 (1980), that the defendant had "committed an unfair and deceptive act by offering for sale items not individually priced" in its Quincy store. In the absence of proof of quantifiable damages, the judge

---

[1]According to 940 Code Mass. Regs. § 3.13(1)(a) (1993), "[i]t is an unfair and deceptive act or practice for any person subject to this act to fail to affix to any goods offered for sale to the public the price at which the goods are to be sold . . . ." This regulation was promulgated by the Attorney General pursuant to his authority under G. L. c. 93A, § 2 (*c*).

[2]The defendant did not dispute the fact that in its Quincy store it did not "put a price tag on every item."

awarded the plaintiff nominal damages in the amount of twenty-five dollars as called for by G. L. c. 93A, § 9 (3). The judge also determined that the plaintiff would "continue to suffer an invasion of his legally protected interest" if the defendant continued to violate the item pricing regulation. The judge ordered the defendant to submit "a plan under which it intends to bring its Quincy store location into compliance with [the item pricing regulation]." Although the judge recognized that injunctive relief is a remedy "normally litigated in the Superior Court," and that equitable relief may not be awarded in the District Court pursuant to G. L. c. 93A, § 9 (3A),[3] he nevertheless concluded that he had authority to grant injunctive relief. The judge explained that his authority derived from § 3 of St. 1996, c. 358 (enabling act), the special legislation establishing a "one trial system" for civil cases in Norfolk and Middlesex counties.[4] Section 3 of the enabling act provides:

"Notwithstanding the provisions of section nineteen C of chapter two hundred and eighteen of the General Laws,[5] for civil actions otherwise subject to transfer, retransfer,

---

[3]General Laws c. 93A, § 9 (3A), provides, in pertinent part:

"*A person may assert a claim under this section in a district court*, whether by way of original complaint, counterclaim, cross-claim or third-party action, *for money damages only.* Said damages may include double or treble damages, attorneys' fees and costs, as herein provided. The demand requirements and provision for tender of offer of settlement provided in paragraph (3) shall also be applicable under this paragraph, *except that no rights to equitable relief shall be created under this paragraph . . .*" (emphasis supplied).

[4]The "one trial system" established by St. 1996, c. 358 (enabling act), and extended in duration by St. 2000, c. 142, § 19, replaced the "transfer, retransfer, removal and appeal" procedures under G. L. c. 231, §§ 97-107, which are commonly referred to as the "remand and removal system." See M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 2.1 (2d ed. 1990 & Supp. 2001). By St. 2000, c. 142, § 19, the "one trial system" also now applies in Berkshire and Essex counties.

[5]General Laws c. 218, § 19C, provides, in pertinent part:

"The district courts shall have original jurisdiction in rem and personam of all actions arising under sections one hundred and twenty-seven A to one hundred and twenty-seven K, inclusive, of chapter one hundred and eleven [State sanitary code violations]. The district courts shall have equity powers only to the extent necessary to enforce the aforementioned sections, including the power to appoint receivers, grant injunctions and issue restraining orders as justice and equity may require and for punishing civil contempt of orders, rulings and decrees made or pronounced in the exercise of this jurisdiction."

removal and appeal, pursuant to sections ninety-seven to one hundred and seven, inclusive, of chapter two hundred and thirty-one of the General Laws, district courts in Norfolk and Middlesex counties shall have the same equitable powers and jurisdiction as is provided for the superior court pursuant to chapter two hundred and fourteen of the General Laws[6] for the purpose of the hearing and disposition of such cases."

Judgment entered for the plaintiff in the amount of twenty-five dollars, together with interest and costs.

The judge next ordered the entry of an injunction directing the defendant (with certain exceptions) to comply with the item pricing regulation in its Quincy store. Apparently uncertain as to the proper route to seek appellate review, the defendant appealed from the injunction to both the Appellate Division and the Appeals Court. After the Appellate Division entered its decision, affirming the judgment and injunction, and dismissing the defendant's appeal, we permitted direct review and consolidated all pending appeals.

1. The defendant's contention, that the judge's "ruling that [he] had equitable jurisdiction to grant the [i]njunction is in stark contrast to the express prohibitions contained in [c]hapter 93A," is based on two misconceptions. First, the defendant wrongly characterizes the plaintiff's action as solely equitable in nature. The plaintiff's request that the defendant be ordered to comply with the item pricing regulation is, of course, an' equitable claim. The plaintiff, however, also sought money damages. Second, G. L. c. 93A, § 9 (3A), does not expressly prohibit a District Court from exercising equity power in a consumer protection action. Rather, the statute states that "no rights to equitable relief [in the District Court] shall be created under this paragraph." See note 3, *supra.* When the paragraph was added, see St. 1978, c. 478, § 46, the District Court, by statute, had limited equity jurisdiction, see G. L. c. 218, § 19C. See note 5, *supra.* The Legislature's addition of § 9 (3A) was entirely consistent with the limited equity jurisdiction of the District Court that existed in 1978, and merely confirmed that nothing

---

[6]General Laws c. 214 establishes the equity jurisdiction of the Superior Court.

in G. L. c. 93A itself was intended to expand that equity jurisdiction.

This jurisdictional landscape changed in 1996, when the Legislature enacted the enabling act, and, in so doing, conferred equity power on the District Court in Norfolk and Middlesex counties. See St. 1996, c. 358, § 3. Faced with this obvious obstacle, the defendant argues that this new grant of equity jurisdiction does not extend to G. L. c. 93A claims. The defendant correctly points out that, while granting the District Court in Norfolk and Middlesex counties "the same equitable powers and jurisdiction as is provided for the superior court," the enabling act confined the grant of equitable power to "civil. actions otherwise subject to transfer, retransfer, removal and appeal" under G. L. c. 231, §§ 97-107. See St. 1996, c. 358, § 3. The defendant maintains that the plaintiff's action "simply was not subject to transfer, remand, or removal under the [former] transfer system."

The defendant's argument once again ignores the fact that the plaintiff's claim sought money damages. By transferring the case to the regular civil docket of the Quincy District Court, the case is deemed to have originated there. Under the former transfer system, the case would have been tried in the District Court and would have been subject to posttrial removal. See G. L. c. 231, § 104; *Cifizzari* v. *D'Annunzio*, 394 Mass. 149, 150 (1985); M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 2.11, at 31 n.47 (2d ed. 1990 & Supp. 2001). As such, it now falls squarely with the terms of the one trial system. The Quincy District Court possessed exclusive jurisdiction over the case, and the judge, by reason of the enabling act,[7] had equitable power to afford the plaintiff complete relief. We are not persuaded by any of the defendant's contrary arguments, and we discern nothing in any

[7]As previously mentioned, the enabling act.conferred on the District Court in Norfolk and Middlesex counties the "same equitable powers and jurisdiction as is provided for the superior court" under G. L. c. 214. St. 1996, c. 358, § 3. General Laws c. 214, § 2, provides:

"The supreme judicial court shall have original and exclusive jurisdiction of all civil actions in which equitable relief is sought cognizable under any statute and not within the jurisdiction conferred by section one, unless a different provision is made; and the superior court

of the decisions cited by the defendant that would justify a contrary conclusion. It is enough to say that, if the defendant's position were accepted, we would have the anomalous situation of requiring bifurcated claims (money damages sought in the District Court where exclusive jurisdiction was vested, equitable relief sought in the Superior Court) with separate trials and appeals. This result not only lacks support by the text of the relevant statutes discussed above, but also is totally at odds with the efficiency intended by the one trial system.

2. The Appellate Division had primary jurisdiction to hear the defendant's appeal of the injunction. Relying principally on *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42 (1983), the defendant argues that the Appellate Division lacks authority to review proceedings in equity. In the *Walker* case, Appellate Division review of an action under G. L. c. 40A, § 17 (issuance of special zoning permit), which was "clearly equitable in character," was not available under G. L. c. 231, § 108. The latter section conferred on the Appellate Division "jurisdiction over only 'matters of law arising in civil cases.' " *Id.* at 48, quoting G. L. c. 231, § 108. The *Walker* case, however, was decided before the passage of the enabling act, which expressly contemplates review by the Appellate Division. See St. 1996, c. 358, § 8 ("Any party who files in the district courts of Norfolk and Middlesex counties an appeal to the appellate division, in an action otherwise subject to transfer, retransfer, removal and appeal . . ."). In contrast to G. L. c. 231, § 108, the enabling act does not limit review to questions of law. St. 1996, c. 358, § 8. This is consistent with § 3 of the enabling act, which, as previously discussed, confers equity jurisdiction on the District Court operating within the one trial system. Because the Appellate Division is a part of the District Court, *Buchannan* v. *Meisner*, 279 Mass. 457, 459-460 (1932), the equitable jurisdiction granted by the enabling act necessarily extends to it in the performance of its duties.

---

shall have like original and exclusive, or like original and concurrent, jurisdiction only if the statute so provides."

Thus, in accordance with G. L. c. 214, § 2, the District Court possessed the same power as the Superior Court under G. L. c. 93A, § 9 (1), to award equitable relief.

3. The decision of the Appellate Division is affirmed. The plaintiff may apply to a single justice of this court for an award of attorney's fees and costs in connection with this appeal as permitted by G. L. c. 93A, § 9 (4). See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989).

*So ordered.*