NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1400                                        Appeals Court
14-P-1193


        LOUIS C. TUSINO  vs.  ZONING BOARD OF APPEALS OF DOUGLAS
                & another[1] (and a companion case[2]).


                    Nos. 15-P-1400 & 14-P-1193.

        Worcester.     June 3, 2016. - August 25, 2016.

            Present:  Vuono, Wolohojian, & Blake, JJ.


Jurisdiction, Zoning.  District Court, Jurisdiction, Appellate
    Division.  Zoning, Appeal.  Appeals Court, Jurisdiction.
    Practice, Civil, Zoning appeal, Appellate Division:
    appeal, Action in nature of mandamus, Moot case.  Mandamus.
    Moot Question.




        Civil action commenced in the Uxbridge Division of the
District Court Department on December 8, 2014.

        The case was heard by David B. Locke, J., on a motion for
summary judgment.

        Civil action commenced in the Land Court Department on
August 21, 2009.

_____

        [1] Joseph Bylinski.

        [2] Joseph Bylinski vs. Guaranteed Builders, Inc., & another.
These two cases have not been consolidated for appeal.  They are
factually and legally related and we therefore dispose of them
together in this opinion.

The case was heard by Robert B. Foster, J., on a motion for summary judgment.

Gerald E. Shugrue for Louis C. Tusino.
Henry J. Lane for Joseph Bylinski.
Michael J. Kennefick for building commissioner of the town of Douglas, & another.


WOLOHOJIAN, J.  These two cases arise out of the construction of a house on a nonconforming lot in Douglas.  The dispositive issue on appeal is whether we have jurisdiction over a direct appeal from a decision of the Uxbridge District Court in a zoning appeal under G. L. c. 40A, § 17.  Concluding that we do not, we dismiss Tusino v. Zoning Board of Appeals of Douglas, 2015-P-1400 (zoning appeal).  Because our disposition of this case renders moot Bylinski v. Guaranteed Builders, Inc., 14-P-1193 (mandamus appeal), we dismiss it as well.

On July 8, 2008, Tusino obtained a building permit to build a house on a lot he owns in Douglas.  Construction began in February, 2009, and Bylinski, who owns the adjacent property, immediately thereafter asked the building commissioner to revoke the permit.  The commissioner denied that request, and Bylinski appealed to the zoning board (board).  The appeal was constructively allowed, and the building permit was revoked.  On appeal, the Superior Court affirmed the revocation of the permit.  Tusino did not further appeal, and the Superior Court's decision became final.

Tusino thereafter applied to the board for a variance. This too was denied. He appealed the denial to the Land Court, which entered summary judgment against him. On February 21, 2014, in a memorandum and order issued pursuant to our rule 1:28, we affirmed the Land Court's decision and it became final. See Guaranteed Builders, Inc. v. Zoning Bd. of Appeals of Douglas, 85 Mass. App. Ct. 1101 (2014).

Meanwhile, Bylinski had filed a mandamus action in the Land Court seeking to require the building commissioner (who had refused Bylinski's enforcement request) to order the house be removed. It should be noted at this juncture that, despite the successful challenge to his building permit and his inability to obtain a variance, Tusino had continued construction of the house. A judge of the Land Court dismissed the mandamus action on the grounds that (a) the commissioner's obligation to enforce the zoning bylaw is discretionary, (b) Bylinski had an available alternate administrative remedy in the form of an appeal to the board, and (c) justice did not require mandamus relief. This dismissal is the subject of the mandamus appeal currently before us.

After the dismissal of his mandamus complaint, Bylinski again requested that the building commissioner order Tusino to remove the house. She again refused. Bylinski appealed to the board, which ordered that the building be demolished and

removed. Tusino then appealed that order to the Uxbridge District Court, where summary judgment entered in Bylinski's favor. Tusino appealed this judgment directly to us, rather than through the Appellate Division of the District Court.

On our own initiative, we asked the parties, who have submitted supplemental authority, whether we have subject matter jurisdiction over a G. L. c. 40A zoning appeal brought directly from the District Court. Tusino relies on Walker v. Board of Appeals of Harwich, 388 Mass. 42 (1983) (Walker), for the proposition that we have subject matter jurisdiction. Tusino is indeed correct that Walker held that appeals from District Court determinations in cases decided under G. L. c. 40A, § 17, were to be made directly to the Appeals Court. Id. at 50. The conclusion in Walker rested in large part on the fact that the Appellate Division did "not have a general grant of equity jurisdiction and . . . actions under G. L. c. 40A, § 17, are clearly equitable in character." Id. at 48. At the time Walker was decided, the District Court had only limited equity jurisdiction. See G. L. c. 218, § 19C.

After Walker, however, the statutory landscape changed with the Legislature's extension of equity jurisdiction to the district courts. The change occurred in stages as the district courts in the various counties became subject to the Legislature's creation of a "one trial system." The reform

began with a pilot program in Norfolk and Middlesex counties. St. 1996, c. 358.[3] "The system proved successful . . .[, and] [i]n August, 2004, the Legislature approved the one trial system and, with certain changes, made it applicable to all divisions of the District and Boston Municipal Court Departments. St. 2004, c. 252." Sperounes v. Farese, 449 Mass. 800, 803 (2007). "Because the Appellate Division is a part of the District Court, the equitable jurisdiction granted by the [statutes] necessarily extends to it." Herman v. Home Depot, 436 Mass. 210, 215 (2002) (Herman), citing Buchannan v. Meisner, 279 Mass. 457, 459-460 (1932).

Walker was effectively superseded by the subsequent legislation we have outlined above. The creation of the one trial system -- with its grant of equity jurisdiction to the district courts and Appellate Division -- led the Supreme Judicial Court to conclude that the Appellate Division has primary jurisdiction to hear appeals of G. L. c. 93A injunctions. Herman, supra. We see no principled reason why the result would, or should, be different in G. L. c. 40A, § 17,

---

[3] "[D]istrict courts in Norfolk and Middlesex counties shall have the same equitable powers and jurisdiction as is provided for the superior court pursuant to chapter two hundred and fourteen of the General Laws for the purpose of the hearing and disposition of such cases." St. 1996, c. 358, § 3.

appeals.  Accordingly, the zoning appeal is dismissed for lack of subject matter jurisdiction.

A dismissal for lack of subject matter jurisdiction, such as we have here, is ordinarily without prejudice because it is "typically not an adjudication on the merits."  Abate v. Fremont Inv. & Loan, 470 Mass. 821, 836 (2015).  That said, as a practical matter, the underlying order in the zoning appeal is final.  Tusino was required (but failed) to file notice of his appeal within ten days of the final judgment, which entered on March 31, 2015.[4]  Dist./Mun.Cts. Appellate Division Appeal Rule 4(a) (2013).  Although the trial court has discretion to extend the time upon a showing of "excusable neglect or other good reason, . . . in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought." Dist./Mun.Cts. Appellate Division Appeal Rule 4(c).  In short, Tusino is now foreclosed from pursuing his appeal in the appropriate forum, the Appellate Division, and therefore the District Court's order affirming the board's demolition order is final.  See LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 327 (2012) (failure to timely appeal precludes subsequent relitigation of claim under principles of res judicata).

---

[4] Tusino's notice of appeal to the Appeals Court was filed on April 16, 2015.

Because the board's demolition order is final, the mandamus appeal is moot; the relief Bylinski seeks in the mandamus appeal has already been obtained in the zoning case.[5]  See <u>Williams</u> v. <u>Charles</u>, 84 Mass. App. Ct. 328, 339 (2013) (dismissing appeal as moot where relief already otherwise obtained).

For the reasons set out above, the zoning appeal is dismissed for lack of subject matter jurisdiction and the mandamus appeal is dismissed as moot.

<u>So ordered</u>.

---

[5] Bylinski agreed at oral argument that the relief he seeks in the mandamus appeal (i.e., an order requiring the building commissioner to issue a demolition and removal order) is the relief he has already received from the board.