CITY OF REVERE *vs.* ROWE CONTRACTING COMPANY & another. November 9, 1972. The defendant Rowe Contracting Company (Rowe) owns land on the easterly side of Salem Street in the city of Revere which it has leased to the defendant Edmands Terminals, Inc. (Edmands), since 1967, and on which the latter stores rock salt for winter use in the treatment of snow or ice conditions on public highways. The city seeks to enjoin this use of the land. Under the zoning ordinance of the city, adopted in 1929 but of questionable validity until 1945 (see St. 1941, c. 520, § 2, and St. 1945, c. 107, as bearing thereon), the land has been zoned for residential uses. Its present use for storing rock salt is therefore unlawful unless protected as a nonconforming use existing when the ordinance became effective. G. L. c. 40A, § 5, inserted by St. 1954, c. 368, § 2. The trial judge took a view of the locus and received evidence consisting of the oral testimony of six witnesses and a number of exhibits. On the basis thereof he made and reported subsidiary findings and decided that such use was unlawful as to a portion of the land which Rowe purchased in 1949, but that it was lawful as to the remaining portion which Rowe had purchased in 1939. A final decree was entered in accordance with the decision and the city appeals therefrom. The evidence is reported. On such a record "our duty is to examine the evidence and decide the case

according to our own judgment, accepting the findings of the trial judge, whether based wholly or partly upon oral testimony, as true, unless they are shown to be plainly wrong, and finding for ourselves such other and additional facts as we deem to be justified by the evidence." *Hanrihan* v. *Hanrihan*, 342 Mass. 559, 564. The findings of the judge are supported by the evidence and we cannot say that they are plainly wrong. For the test to be applied to determine what constitutes a lawful nonconforming use, see *Bridgewater* v. *Chuckran*, 351 Mass. 20, 23. The decision reflects the correct application of that test. The city bases its argument for reversal of the final decree in part on the fact that any rock salt stored on the land before adoption of the zoning regulations belonged to the Commonwealth and that Rowe has never used the land to store rock salt owned by it thereon. This fact does not require reversal of the decree. The right to continue such a nonconforming use after adoption of zoning regulations is not personal to the particular owner or occupant on the effective date of the regulation. General Laws c. 40A, § 5, and comparable provisions contained in predecessor statutes do not so limit the right.

*Decree affirmed.*

*Burton J. Hass,* for the plaintiff, submitted a brief.
*Gerald May* (*William F. Griffin, Jr.,* with him) for Rowe Contracting Company.