BAY COLONY CONSTRUCTION CO., INC. *vs.* TOWN OF NORWELL & others. March 24, 1977. This is a petition brought in the Land Court pursuant to the provisions of G. L. c. 185, § 114, seeking the cancellation of certificate of title 48441 and a declaration that document 140203, the deed upon which that certificate was based, was void for "failure of consideration, delivery and acceptance by the grantee." The conveyance sought to be effected by the deed was of the fee in a certain way (East Ridge Way) in a subdivision in the town of Norwell (town). In answer to the petition the town prayed that the court determine who had the responsibility for the construction and maintenance of that way. The judge in his decision found that the deed had never been delivered to or accepted by the grantee and ruled that title to East Ridge Way remained in the defendant "Higgins or his successor as trustee of the Zeta Realty Trust" and that the primary responsibility for the completion and maintenance of the way was the trustee's. He then noted that "this may be meaningless due to the death of the said Higgins and the evident dissolution of this trust." The judge then went on to make certain observations concerning the responsibility of the town to complete and to maintain the road and then said, "This burden should only be borne by the town after it has acquired the fee in this way from the said Higgins without compensation to Higgins." The only orders entered by the court were that certificate of title 48441 be cancelled, that the conveyance evidenced by document 140203 be declared void, and that a new certificate of title describing the fee in East Ridge Way be issued to Higgins or his successor as trustee under the Zeta Realty Trust. No appeal was taken from those orders. The town appealed from the "decision" and thereafter filed a "Motion to Substitute Parties Defendant." The town has also appealed from the denial of that motion. One thing is clear and that is that the judge on the record before him could not have made a binding declaration of rights as to the responsibility for the construction and maintenance of East Ridge Way, as not all of the parties concerned with such a declaration were before him. See G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1; *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 31, cert. den. 423 U. S. 929 (1975); *Sadler* v. *Industrial Trust Co.* 327 Mass. 10, 13 (1951). His conclusions appear to have been nothing more than indications of what his order might have been had the case been tried with all necessary parties before the court. See *Spaulding* v. *Morse,* 322 Mass. 149, 154 (1947). It was within the judge's discretion to deny the motion, and we discern no abuse of that discretion. As no order has been made against the town, we regard its appeals as bringing nothing before us for review, and an entry is to be made dismissing the appeals.

*So ordered.*

*Edward P. Ryan,* Town Counsel (*Martin Joseph Drilling* with him) for the town of Norwell.

*Richard A. Howard* (*Mary John Boylan* with him) for Joseph Antell & another.