PATRICK COX & another[1] *vs.* BOARD OF APPEALS OF CARVER & others.[2]

No. 96-P-461.

Plymouth. December 17, 1996. - April 3, 1997.

Present: PORADA, KAPLAN, & IRELAND, JJ.

*Practice, Civil,* Complaint, Amendment, Parties, Standing. *Zoning,* Mobile home, Nonconforming use or structure, Person aggrieved.

In an action timely brought under G. L. c. 40A, § 17, seeking review of the grant of a special permit by a board of appeals, the judge correctly ruled that the plaintiffs had a right to amend their complaint before a responsive pleading was filed by the defendants, to add the name of the original applicant for the permit as required by G. L. c. 40A, § 17. [424]

In an action brought under G. L. c. 40A, § 17, plaintiffs had standing to seek review of the grant of a special permit by a board of appeals where they were abutters and where the judge's findings, that the proposed use would have a negative impact on the plaintiffs' property and that the plaintiffs were not straws, were supported by the evidence. [424-425]

A board of appeals exceeded its authority in granting a special permit to extend a nonconforming use for the operation of a mobile home park to a tract of land across the street from the existing mobile home park, where the tract of land did not meet the area requirements for such a use under the zoning by-law and where no variance from the by-law provisions had been granted. [425-426]

CIVIL ACTION commenced in the Superior Court Department on February 22, 1994.

The case was heard by *Patrick F. Brady,* J.

*Richard M. Serkey* for Commercial Design Associates, Inc., & another.

*William D. Rounds* for the plaintiffs.

PORADA, J. The board of appeals of Carver (board) granted

[1]Diane Cox.

[2]Commercial Design Associates, Inc., and Waterview Associates of Carver Limited Partnership.

Commercial Design Associates, Inc. (Commercial), a special permit to extend a nonconforming use for the operation of a mobile home park to a tract of land which was located across the street from its existing mobile home park. The plaintiffs, abutters of the subject parcel, appealed from the decision to the Superior Court. A judge of the Superior Court concluded that the board had exceeded its authority in granting the permit on the ground that the proposed nonconforming use could not be extended to a tract of land which did not meet the area requirements for the operation of a mobile home park under the Carver zoning by-law and reversed the board's decision. Commercial filed this appeal. Commercial asserts that the judge erred in ruling that (1) the plaintiffs had a right to amend their complaint to add Commercial as a party after the plaintiffs had filed their original complaint in the Superior Court; (2) the plaintiffs had the requisite standing to pursue this appeal; and (3) the board had exceeded its authority. We affirm.

We set out the undisputed facts essential to our decision. Commercial entered into a purchase and sale agreement to buy a tract of land containing 2.53 acres and having a frontage on a body of water known as John's Pond on the condition that it secure all the necessary town and State permits to use the land as a site for eight mobile homes. This tract of land was located across the street from a 22.67-acre mobile home park containing sixty units and operated by its limited partner, Waterview Associates of Carver Limited Partnership (Waterview). Commercial filed an application with the board seeking a special permit to expand the existing mobile home park to the 2.53 acres to be used as a site for eight additional mobile homes and as a beach area for all the residents of the existing mobile home park. At the time of the filing of its application, the zoning by-law of Carver required 100 acres for the operation of a mobile home park and a special permit from the board.

The board granted Commercial the requested special permit and filed its decision with the town clerk on February 4. On February 22, the plaintiffs filed a complaint in the Superior Court appealing from the board's decision but failed to name Commercial, the special permit applicant, as one of the parties as required by G. L. c. 40A, § 17. On February 28, the plaintiffs filed an amended complaint naming Commercial as

one of the parties. The plaintiffs mailed a copy of the amended complaint to Commercial on February 26, but it was not received by Commercial until after it had assigned its rights to purchase said land to its limited partner, Waterview, and after Waterview had completed the purchase of the 2.53 acres on February 28.

We now address the landowners' claims of error.

1. *Amendment of the complaint.* The Superior Court judge ruled that the plaintiffs had the right to amend their complaint under Mass.R.Civ.P.15(a), 365 Mass. 761 (1974), to add Commercial as a party because no responsive pleading had been filed to the complaint. He found Commercial's assertion that it had relied on the flawed state of the pleadings in going forward with the purchase was not credible because Commercial was aware that an appeal had been taken from the board's decision and should have known that the plaintiffs could amend their complaint to add it as a party.

Although G. L. c. 40A, § 17, requires that, if the complaint is filed by someone other than the original applicant, the complaint shall name the original applicant as well as all the members of the board of appeals as party defendants, a court in its discretion may allow late joinder of a necessary party provided the appeal has been timely filed and there is no showing of prejudice. See *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 683 (1967) (under prior law, not materially different in content, late joinder of original applicant permitted by court where no material delay resulted in the prosecution of the appeal). See also *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808-812 (1976). In the circumstances presented, we do not conclude that the judge abused his discretion where the appeal was timely, the plaintiffs acted promptly to correct their error, and Commercial who was represented by legal counsel was aware that an appeal from the board's decision had been filed in the Superior Court at the time of its purchase of the 2.53-acre tract.

2. *Standing.* Commercial argues that the plaintiffs lack standing to pursue this appeal because the plaintiffs' land which abuts the tract in question will not suffer any decrease in value from the proposed use and the plaintiffs are pursuing this appeal on behalf of a nonabutter who is contributing to their legal fees. An abutter is entitled to a rebuttable presump-

tion that he is a person aggrieved who is entitled to challenge a zoning board's decision. G. L. c. 40A, § 17. Once his standing is challenged, however, it becomes a question of fact for the trial judge based on all the evidence presented whether he is an aggrieved person. *Marashlian* v. *Zoning Board of Appeals of Newburyport*, 421 Mass. 719, 721 (1996).

Here, the judge found that the proposed use will have a negative impact on the plaintiffs' property from the increase in pedestrian traffic resulting from the use of the tract in question as a beach area not only by the prospective occupants of the mobile homes to be located on the tract but also by the occupants and their guests of the existing mobile home park. The judge also found that the plaintiffs had in fact paid some of their legal fees and expect to pay more. His findings are supported by the evidence presented and based upon our view of the record are not clearly erroneous. *Id.* at 722.

3. *Extension of the nonconforming use.* Commercial contends that the judge erred in concluding that the board had to find not only that the extension of the mobile home park to the tract in question would not be substantially more detrimental than the existing mobile home park to the neighborhood but that the proposed extension would comply with the area requirements of the zoning by-law.

At issue is the language in the first two sentences of G. L. c. 40A, § 6, as inserted by St. 1975, c. 808, § 3, which reads in pertinent part as follows:

> "Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun . . . but shall apply to any change or substantial extension of such use . . . . Pre-existing nonconforming structures or uses may be extended or altered, provided that no such extension or alteration shall be permitted unless there is a finding by the permit granting authority or by the special permit granting authority designated by ordinance or by-law that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood."

In *Rockwood* v. *Snow Inn Corp.*, 409 Mass. 361, 363-365 (1991), the Supreme Judicial Court resolved the apparent ambiguity created by the two sentences by ruling that the first

and second sentences when read together permit extensions and changes to nonconforming structures if (1) the extensions or changes themselves comply with the ordinance or by-law and (2) the structures as extended or changed are found to be not substantially more detrimental to the neighborhood than the preexisting nonconforming structure or structures. *Id.* at 364. We see no reason why the same test is not equally applicable to any change or substantial extension of a nonconforming use. As the Supreme Judicial Court pointed out in the *Rockwood* case, to construe G. L. c. 40A, § 6, as Commercial contends, would render the first quoted sentence that a zoning by-law "shall apply to any change or substantial extension of . . . [a nonconforming] use" meaningless and surplusage. Accordingly, the judge was correct in ruling that the board exceeded its authority in granting a special permit because, absent a variance, Commercial's use of this land for a mobile home park did not meet the 100-acre area requirement for a mobile home park under the Carver zoning by-law.[3] A finding that the extension of the nonconforming use would not be substantially more detrimental to the neighborhood is simply not enough.

*Judgment affirmed.*

---

[3]The trial judge also noted that zoning authorities generally agree that a nonconforming use may not be extended to encompass land or property that was acquired after the passage of the zoning ordinance barring the use. See Annot., Change in Area or Location of Nonconforming Use as Violation of Zoning Ordinance, 56 A.L.R. 4th 769, 809-811 (1987). We need not decide this issue because we agree with the trial judge that this case may be resolved simply by construing G. L. c. 40A, § 6. But see *Revere* v. *Rowe Contr. Co.*, 362 Mass. 884, 885 (1972) (storage of rock salt on land purchased by landowner before passage of zoning ordinance barring its use for this purpose protected as nonconforming use but remaining land acquired after passage of ordinance was not).