Curtin, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal by defendant Fineberg Management, Inc. (“Fineberg”) of the entry of summary judgment in *110 favor of plaintiff Mechanical Service Engineers, Inc. (“MSE”), and of the denial of Fineberg’s motions to amend its counterclaim and to substitute another party as defendant.
By complaint dated January 9, 1996, MSE instituted this action to recover $9,864.85 in labor and materials for electrical and HVAC services it provided at various commercial properties allegedly owned and operated by Fineberg. Fineberg’s answer denied liability on the grounds that it was merely the agent for Ashland Technology Trust (“Ashland”) and other unidentified, associated owners of the commercial properties in question. Fineberg also counterclaimed for damages purportedly sustained by Ashland in consequence of MSE’s alleged misrepresentation, negligence and G.L.c. 93A unfair and deceptive practices on another Ashland project (the “1993 Project”) unrelated to MSE’s claim for services rendered.
On April 29,1997, a default judgment was entered against Fineberg for its continued failure to answer interrogatories and other discovery requests by MSE. Fineberg delayed for almost eight months before moving for relief from that judgment, and its Mass. R. Civ. R, Rule 60 motion was allowed on January 30,1998. On April 16,1998, more than two years after this suit was commenced, Fineberg filed a motion to substitute Ashland in its place as defendant and to amend its counterclaim by adding a claim for breach of contract on the 1993 Project. MSE thereafter moved for summary judgment on both its complaint and Fineberg’s counterclaim. On July 22,1998, the court allowed MSE’s Rule 56 motion and denied Fineberg’s motions to amend and to substitute Ashland.
1. It is undisputed, with respect to MSE’s claim for labor and materials, that Fineberg contracted for the services in question, that MSE performed those services between May and September, 1994 and billed Fineberg directly for payment, that the work was inspected and accepted by Fineberg, that Fineberg issued three checks to MSE in full payment, and that Fineberg’s subsequent orders to stop payment on those checks gave rise to this litigation. The sole issue between the parties on MSE’s complaint is whether Fineberg, as the purported agent of Ashland, is liable for the services for which it contracted. It is well established that an agent may avoid personal liability on a contract entered into by the agent on behalf of his principal only if the agent discloses both the identity of his principal and the fact that he is acting in a representative capacity. Atlantic Salmon A/S v. Curran, 32 Mass. App. Ct. 488, 492 (1992).
MSE satisfied its initial burden, as the Rule 56 moving party, see Lindsay v. Romano, 427 Mass. 771, 773 (1998); Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718 (1998), of demonstrating that there was no genuine issue of material fact as to Fineberg’s liability, and that it was entitled to judgment on its complaint as a matter of law. See generally Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 127 (1997); Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 632 (1996). Through the supporting affidavit of its president, James J. Beagan (“Beagan”), MSE established that Beagan had personally represented MSE in its dealings with Fineberg, that Fineberg contracted directly with MSE and requested the services to be provided at various commercial properties, and that Beagan understood that the properties were owned or operated by Fineberg. As to Fineberg’s allegation that it acted solely as an agent for a disclosed principal, Beagan expressly averred that “at no time did any person from Fineberg represent to me that they were acting as an agent for a so-called Ashland Realty Trust.” These averments were sufficient to shift to Fineberg the burden of advancing specific facts, see Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 368 (1996); HRPT Advisors, Inc. v. MacDonald, Levine, Jenkins & Co., 43 Mass. App. Ct. 613, 621 (1997), sufficient to show the existence of a genuine issue requiring a trial on the merits as to whether Fineberg disclosed that it contractedthat the affiant is qualified to testify to the matters stated therein.” See T & J Wholesale, Inc. v. Kavlakian, 1998 Mass. App. Div. 99, 101. The Goldberg and Burke affidavits were devoid of any *111 suggestion that either dealt personally or directly with MSE, or participated in Fineberg’s arrangements with MSE for the services in question. “[F] actual allegations not based on personal knowledge are insufficient to defeat summary judgment.” Madsen v. Erwin, 395 Mass. 715, 721 (1985). Burke’s averment that Fineberg followed its customary practice with outside contractors by advising MSE that it was engaging its services on behalf of Ashland was made solely upon Burke’s “information and belief.” That averment, and the Goldberg affidavit in its entirety, which failed to separate statements made on personal knowledge from those made on “information and belief,” were properly disregarded by the trial court. Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968 (1976); Gulf Oil Corp. v. Haufler, 16 Mass. App. Ct. 937 (1983).
The only other evidence offered by Fineberg were copies of the three checks issued to MSE in payment for its services and upon which Fineberg stopped payment. The checks failed, however, to demonstrate that Fineberg had disclosed both its agency and the identity of Ashland, its principal, at the commencement of its dealings with MSE. First, the checks were issued not only months after Fineberg’s contracting with MSE, but also after the work was fully performed. Second, while notations on the checks describe Fineberg as the "managing agent,” only one of the checks indicates that Fineberg was the agent of Ashland Technology Trust. A second check identifies Fineberg as the agent of a “Mill Village Realty Trust.” On the third check, the listing of Fineberg as a managing agent is followed by a blank, with no designation of a principal. It was not MSE’s duty "to seek out the identity of [Fineberg’s] principal; it was [Fineberg’s] obligation fully to reveal it.” Atlantic Salmon A/S v. Curran, supra at 492.
The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal; the agent must either bring to him actual knowledge or, what is the same thing, that which to a reasonable man is equivalent to knowledge, or the agent will be bound. There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter’s name. If he does not do this, it may well be presumed that he intended to make himself personally responsible. I MECHEM ON AGENCY §1413 (2d ed. 1914).
Id. at 493.
As Fineberg failed to advance adequate facts warranting a trial on the issue of whether it contracted with MSE solely as Ashland’s agent, the trial court properly allowed summary judgment against Fineberg on MSE’s complaint.
2. Fineberg’s counterclaim sought a recovery of damages by Fineberg for losses allegedly sustained by Ashland, the real party in interest on the counterclaim, but not a party to this suit. See Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 297 (1977); Corcoran v. Healey, 1981 Mass. App. Div. 83, 85-86. The alleged losses derive from a 1993 project between Ashland and a tenant on which MSE provided consulting services, and are entirely unrelated to MSE’s claim against Fineberg for unpaid labor and materials. The counterclaim, dated February 14, 1996, was filed by Fineberg as the “managing agent” of “Old World Realty Corp.,” described in the counterclaim as the trustee of Ashland. The counterclaim, which is unsworn, simply alleges that Fineberg “is authorized to pursue this claim” on Ashland’s behalf. No signature or authorization by an Old World Realty Corp. officer appears.
In support of its summary judgment motion, MSE submitted, inter alia, Fineberg’s July 29, 1997 answer to interrogatory number 11 in which Fineberg, *112 under the pains and penalties of perjury, conceded that it no longer had any relationship with either Old World Realty Corp. or Ashland Technology Trust, and had no documentation of any relationship with either. Fineberg’s counteraffidavit by Goldberg (identifying him as the president of still another entity purporting to be an Ashland trustee) recited that Fineberg was authorized by Ashland to bring a counterclaim against MSE and to substitute Ashland as a party defendant. As noted, however, the Goldberg affidavit was properly disregarded by the trial judge. There was thus no error in the trial court’s summary judgment for MSE on Fineberg’s counterclaim to recover damages for losses sustained by another party.[1]
3. A Mass. R. Civ. R, Rule 15 motion to amend is addressed to the discretion of the trial judge. Jones v. Wayland, 380 Mass. 110, 114-115 (1980). While amendment should be freely allowed in the absence of a good reason to the contrary, Castellucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 289 (1977), undue delay or the futility of amendment may amply justify the denial of a Rule 15 motion. See generally Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). In the instant case, Fineberg delayed more than two years before moving to amend the counterclaim by adding a specific count for breach of contract even though the very basis of the counterclaim from the outset was MSE’s alleged consulting contract with Ashland. Moreover, amending the counterclaim to add still another claim of Ashland’s for which Fineberg was not entitled to recover would have been pointless. Absent any demonstration of legal error by Fineberg, we decline to disturb the judge’s exercise of discretion in denying Fineberg’s motion to amend. Volin v. Board of Public Accountancy, 422 Mass. 175, 182 n.6 (1996).
4. Substitution of a party is permitted in the court’s discretion, Bay Colony Constr. Co. v. Norwell, 5 Mass. App. Ct. 801 (1977), in accordance with Mass. R. Civ. R, Rule 25 when, during the pendency of an action, there is a change of circumstances involving the death or incompetence of a party, a transfer of interest, or the death or separation from public office of an official. Obviously, Rule 25 was inapplicable in the case at bar.
Fineberg filed its motion to substitute Ashland as defendant under Mass. R. Civ. R, Rule 21, which authorizes the joinder of a necessary party, see Rules 17(a) and 19, and is also addressed to the trial judge’s discretion. Perkins School for the Blind v. Rate Setting Comm’n, 383 Mass. 825, 830 (1981); Cox v. Board of Appeals of Carver, 42 Mass. App. Ct. 422, 424 (1997). Given the court’s proper Rule 56 determination that Fineberg contracted with MSE and was liable for the services it rendered, Ashland was not a necessary party to the principal action herein, and there was no abuse of discretion in the court’s refusal to join or substitute Ashland as defendant. Ashland’s unrelated claims against MSE, if any, arising from the 1993 project may be pursued in a separate action.
Appeal dismissed.
So ordered.

 Having so determined, we decline to address as unnecessary any additional basis for the court’s Rule 56 ruling, including any legal or factual inadequacies of Fineberg’s counterclaim. See Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 528 (1997) (any ground supporting court’s summary judgment may be considered on appeal).