Agostini, John A., J.
The plaintiffs, Jason Lemieux and Anthony Ditomasso, filed the present action on November 21, 2006 pursuant to G.L.c. 40A, §17, appealing the Town of Warren Planning Board’s (“Planning Board”) denial of their application for a special permit to convert a two-unit dwelling into a three-unit dwelling. The defendants moved for summary judgment on November 23, 2007. The plaintiffs filed a cross motion for summary judgment on the same date. For the following reasons, after a hearing, the defendants’ motion for summary judgment is denied and the plaintiffs’ cross motion for summary judgment is allowed, except as to the remedy requested. On the issue of whether the plaintiffs’ application for a special permit should be granted, that matter is remanded to the Planning Board.

BACKGROUND

The relevant undisputed facts are as follows. The plaintiffs own a two-family residential dwelling located at 50 Dean Street, Warren, Massachusetts. On March 21, 2005, the plaintiff applied for a zoning permit to convert existing rooms into a third apartment. The building inspector of the Town of Warren rejected the application, finding that the lot and structure did not meet the dimensional requirement for a three-family dwelling as required by the town’s zoning by-law, Section 4.32.[3] The building inspector noted that the structure was a pre-existing non-conforming structure and that an alteration would require a special permit pursuant to by-law Section 1.5.[4]
The plaintiffs applied for a variance from the dimensional requirements. The Zoning Board of Appeals (“Zoning Board”) granted the variance on June 30, 2005. In making its decision, the Zoning Board determined that the plaintiffs property “[did] not meet the dimensional requirements as part of the Warren bylaws.” However, because the dwelling “was once a 28-room boarding house,” the Zoning Board also determined that adding one more unit to the dwelling would “not be a detriment to the surroundings or derogation of the By-law’s [sic] intent.” There was no appeal of the granting of the variance, which was later recorded at the Worcester District Registry of Deeds.
On June 16, 2006, the plaintiffs applied for a special permit from the Planning Board.[5] After holding three public hearings, the five-member Planning Board denied the application in a decision dated November 1, 2006. The Planning Board based its denial on the failure to fulfill the requirements in Section *648 5.1.1 and Section 4.32. The Planning Board found that under 5.1.1., which requires that the premises be appropriately suitable for the proposed use, the plaintiffs’ property failed to meet Section 3.1.[6] Section 3.1 requires that “uses allowed by the Planning Board by Special Permit shall be in conformity with all dimensional requirements and all other applicable requirements of this by-law.” The Planning Board expressly noted that the “ambiguity of the ‘Amended Variance’ by the Zoning Board .of Appeals fails to adequately address the relief granted." The Planning Board voted three to two in favor of the plaintiffs’ application. Because the plaintiffs failed to achieve the required four favorable votes, the Planning Board denied the plaintiffs’ application. The plaintiffs subsequently filed this action.

DISCUSSION

Summary judgment shall be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Pursuant to c. 40A, §17, the court shall not disturb the Planning Board’s decision, unless that decision was based upon a legally untenable ground or is unreasonable, whimsical, capricious, or arbitrary. Davis v. Zoning Bd. of Chatham, 52 Mass.App.Ct. 349, 355 (2001).
The threshold issue is whether §6 or §9 of the Zoning Act governs this action. The defendants argue that its decision was lawful and within its authority because, as a matter of law, it could not grant the plaintiffs’ application for a special permit where the proposed conversion failed to meet the dimensional requirements of by-laws Section 3.1 and 4.32. The plaintiffs claim that the Planning Board erroneously applied the special permit criteria in c. 40A, §9 and in Section 5.1, which corresponds to general use regulations under Section 3. According to the plaintiffs, the appropriate criteria is that of c. 40A, §6 and Section 1.5[7] dealing with nonconforming structures and uses.
Generally, c. 40A, §6 authorizes the grant of special permits for changes in existing structures and §9 refers to the grant of special permits in general. Walker v. Bd. of Appeals of Harwich 388 Mass. 42, 51-52 (1983), superceded on other grounds as noted by Titcomb v. Bd. of Appeals of Sandwich 64 Mass.App.Ct. 725, 731-32 (2005). Although there is a distinction between nonconforming uses and special permit uses, c. 40A, §6 “authorizes, but does not require, a municipality to choose a special permit application as the procedure for extension or alteration of a nonconforming use.” Shrewsbury Edgemere Assocs. Ltd P’ship v. Bd. of Appeals of Shrewsbury, 409 Mass. 317, 320, 322 (1991) (rejecting developer’s claim that imposing special permit procedure for change of a nonconforming use is contrary to special permits purpose of §9). Pursuant to c. 40A, §6, the town of Warren, therefore, legitimately may choose to require a special permit for any extensions or alterations to either a nonconforming use, id. at 322, or a nonconforming structure, Willard v. Bd. of Appeals of Orleans, 25 Mass.App.Ct. 15, 20 (1987). Accordingly, c. 40A, §6 governs this matter.
Chapter 40A, §6 requires that “in the absence of a variance, any extension or structural change of a nonconforming structure must comply with the applicable zoning ordinance or bylaw. Then, if the proposed extension or change conforms to the by-law,” §6 necessitates the requisite finding articulated in the statute. Rockwood v. Snow Inn Corp., 409 Mass. 361, 364 (1991); Titcomb, 64 Mass.App.Ct. at 729 n.5; Cox v. Bd. of Appeals of Carver, 42 Mass.App.Ct. 422, 426 (1997). Section 6 of the Zoning Act thus permits “extensions and changes to non-conforming structures if (1) the extensions or changes themselves comply with the ordinance or by-law, and (2) the structures as extended or changed are found to be not substantially more detrimental to the neighborhood than the preexisting nonconforming structure or structures.” Rockwood, 409 Mass. at 364. The Rock-wood test is applicable to any change or substantial extension of nonconforming uses and structures. Cox, 42 Mass.App.Ct. at 426 (concluding that board exceeded its authority in granting a special permit because, absent a variance, use of land failed to meet the zoning by-law’s acreage requirements).
Here, it is undisputed that the plaintiffs’ property does not comply with the dimensional requirements of Warren’s zoning by-laws, either for structures or uses.[8] The plaintiffs claim that to the extent the dimensional requirements apply to the proposed change, the variance they obtained satisfies the dimensional requirements. The defendants, on the other hand, claim that by its very definition, a variance constitutes nonconformity, which the by-law forbids.
Although the Planning Board has discretionary authority to deny the plaintiffs’ special permit application, the Planning Board’s denial cannot have been based on a legally untenable ground or be unreasonable, whimsical, capricious, or arbitrary. Davis, 52 Mass.App.Ct. at 355. The court reviews the Planning Board’s decision de novo. Id. Although the plaintiffs had obtained a variance, the Planning Board denied their application for a special permit because their property failed to satisfy the town’s dimensional requirements. The Planning Board was aware of the plaintiffs’ variance because it had explicitly noted that the “ambiguity of the ‘Amended Variance’ by the Zoning Board of Appeals fails to adequately address the relief granted.” In granting the variance, however, the Zoning Board specifically determined that despite the property’s failure to meet the by-laws’ dimensional requirements, a special permit for another dwelling unit “will not deter from the building, it’s [sic] surroundings or the immediate neighborhood.”[9]
*649 The very essence of a variance is to exempt a party from the requirements of an applicable by-law. See, e.g., Lopes v. Bd. of Appeals of Fairhaven, 27 Mass.App.Ct. 754, 756 (1989) (variances “are always in derogation fo the zoning system adopted by the town”); Cavanaugh v. DiFlumera, 9 Mass.App.Ct. 396, 400 (1980) (“some derogation from the by-law’s purpose is anticipated by every variance”). Rockwood and its progeny indicate that if a party obtains a variance, the threshold inquiry of whether the proposed change conforms to the applicable by-law is satisfied. The parties cite no case, and this court is aware of none, indicating the contrary.
Because the Planning Board had found that the property failed to meet the dimensional requirements, it did not make the finding required under Section 1.5 and c. 40A, §6 that the plaintiffs’ proposed conversion of their property “shall not be substantially more detrimental than the existing nonconforming structure or use to the neighborhood.”[10] The failure to do so[11] renders the Planning Board’s decision legally untenable and unreasonable. See Britton v. Zoning Bd. of Appeals of Gloucester, 59 Mass.App.Ct. 68, 73 (2003) (explaining that “the court determines the content and meaning of statutes and by-laws and then decides whether the board has chosen from those sources the proper criteria and standards to use in deciding to . . . deny the . . . special permit application”). This matter, therefore, is remanded to the Planning Board. See Titcomb, 64 Mass.App.Ct. at 731 n.6; Britton, 59 Mass.App.Ct. at 74 n.6 (2003).

ORDER

For the foregoing reasons, the defendants’ motion for summary judgment is DENIED. The plaintiffs’ cross motion for summary judgment is ALLOWED, except as to the remedy requested. The matter is remanded to the Town of Warren Planning Board for a new hearing to make the requisite finding under c. 40, §6, consistent with this Memorandum of Decision and Order.

The parties do not dispute that the property does not meet the dimensional requirements mandated by Section 4.32. Section 4.1, outlining the basic dimensional requirements, provides that “(e)xcept to the extent permitted under Section 1.5 with respect to non-conforming buildings and structures, no building or structures in any district shall be constmcted or altered, enlarged, extended or reconstructed which does not conform to the Dimensional Requirements as set forth in Section 4.2 and 4.3 of this by-law."

Section 1.5, dealing with “Non-conforming Buildings, Structures and Uses,” provides that
Any building, structure or use lawfully in existence or lawfully begun before the enactment of this by-law or such amendment . . . which does not comply with the regulations set forth herein shall be subject to the provisions of Massachusetts General Laws, Chapter 40A, Section 6 .. . No extension or alteration of a pre-existing non conforming structure or use shall be permitted unless there is a grant of a special permit upon a finding by the Planning Board that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use or structure to the neighborhood.

Section 5.1 designates the Planning Board as the Special Permit Granting Authority. Under this by-law, the Planning Board has discretion to grant a special permit upon a finding:
1) That the premise's in question are appropriately located and suitable for the proposed use; 2) That the use will be compatible with other uses permitted as of right in the same district; 3) That the use will not be a nuisance or serious hazard to vehicles or pedestrians; 4) That adequate and appropriate facilities will be provided for the proper operation of the proposed use; and 5) The proposed use is otherwise in harmony with the general purpose and intent of this by-law.

Section 3 generally deals with “Use Regulations” and subsection 3.1 outlines “Basic Requirements.”

Section 1.5 explicitly references c. 40A, §6 and the bylaw’s standard mirrors the language in that statute.

The plaintiffs reliance on Walker is misplaced. That case pre-dates the Rockwood decision. Unlike the instant case, in Walker, the proposal apparently complied with the applicable zoning by-law. Walker, 388 Mass. at 52 (concluding that evidence warranted lower court’s findings that external changes to structure “would not appear to offend” zoning law requirements).
The plaintiffs also cite Willard, which concerned the exception in c. 40A, §6 for changes to single- or two-family residential structures which do not increase the nonconforming nature of such structures. Willard v. Bd. of Appeals of Orleans, 25 Mass.App.Ct. at 21-22. To the extent that it is applicable here, Willard nonetheless frames the inquiry as first determining the respects in which the existing structure “does not conform to the requirements of the present by-law and then determine whether the proposed alteration or addition would intensify the existing nonconformities or result in additional ones.” Id. at 22. Functionally, Willard requires the same threshold inquiry of Rockwood, namely whether the proposed change is in compliance with zoning laws. Again, it is undisputed that the existing property and thus the proposed property would not be in compliance with the zoning laws.
Even if the exception applied here, however, no extension or alteration may be permitted absent the requisite finding by the special permit granting authority under the “substantially more detrimental” standard. G.L.c. 40A, §6. See also Town of Warren By-law Section 1.5 (“No extension or alteration of a pre-existing nonconforming structure or use shall be permitted unless there is a grant of a special permit upon the finding by the Planning Board that such... shall not be substantially more detrimental than the existing nonconforming use or structure to the neighborhood”).

No question is before this court as to the validity of the Zoning Board’s grant of the variance. The record indicates that the grant of the variance was not appealed.

Rockwood, 409 Mass. 361, 364 n.4 (1991).

The Planning Board’s decision denying the plaintiffs’ application stated that “approval would increase the nonconformity to a much greater scale to that in comparison to neighboring properties.” This “finding” is insufficient to satisfy the standard under c. 40A, §6.